[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12858
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:09-cr-00234-RAL-TGW-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DARRYL EARL MOODY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 7, 2011)

Before MARCUS, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Darryl Earl Moody appeals his total 240-month term of imprisonment, imposed

after a jury verdict found him guilty of: one count of conspiracy to commit three

Hobbs Act robberies and one count of committing a Hobbs Act robbery, all in violation of 18 U.S.C. § 1951(a); and one count of brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Moody argues that: (1) his sentences were procedurally unreasonable, because the court relied on his prior unscored criminal convictions to impose variances, without giving him prior notice of its intent to do so, which violated his process rights; and (2) his sentences were substantively unreasonable, because the court improperly relied on his vacated murder conviction, for which he was sentenced to death, to impose a harsh sentence, and erred by failing to appropriately consider his age -- 48 at the time of sentencing -- or the time he wrongly spent in prison for his later-vacated conviction. After thorough review, we affirm.

When a party fails to adequately object to an alleged sentencing error below, we review only for plain error. United States v. Massey, 443 F.3d 814, 818 (11th Cir. 2006). However, where a party properly preserves an objection, we review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion." United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).

In reviewing sentences for reasonableness, we perform two steps. Id. at 1190. First, we must "'ensure that the district court committed no significant procedural

2

error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] When determining the effect of the § 3553(a)(1) factors -- specifically the history and characteristics of the defendant -- a court may consider a wide latitude of evidence. See United States v. Shaw, 560 F.3d 1230, 1231-35 (11th Cir.), cert. denied, 129 S.Ct. 2847 (2009). The district court need not discuss each § 3553(a) factor. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). It is generally sufficient that the record, viewed as a whole, reflects that the sentencing judge considered the parties' arguments and has taken the § 3553(a) factors properly into account. See United States v. Irey, 612 F.3d 1160, 1194-95 (11th Cir. 2010) (en banc), cert. denied, 131 S. Ct. 1813 (2011).

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

Due process does not require that a court provide parties with notice of its intent to vary from the guideline range. Irizarry v. United States, 553 U.S. 708, 714-16 (2008). Parties may not claim unfair surprise or an inability to present mitigating evidence when a defendant's imposed sentence lies outside the Guidelines because, after United States v. Booker, 543 U.S. 220 (2005), parties are inherently on notice that the sentencing guidelines range is advisory. Id. at 712-13.

If we conclude that the district court did not procedurally err, we must consider the "'substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,'" based on the "'totality of the circumstances.'" Pugh, 515 F.3d at 1190 (quoting Gall, 552 U.S. at 51). This review is "deferential," requiring us to determine "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." Talley, 431 F.3d at 788. "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotation and brackets omitted). The district court is "permitted to attach great weight to one factor over others." Shaw, 560 F.3d at 1237 (quotation omitted). We will "vacate the sentence if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the

4

§ 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Irey, 612 F.3d at 1190 (quotation omitted). "The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010), cert. denied, 131 S.Ct. 674 (2010).

The reasonableness of a sentence may be indicated when the sentence imposed was well below the statutory maximum sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008), cert. denied, 129 S.Ct. 2848 (2009). Sentences outside the guidelines are not presumed to be unreasonable. Shaw, 560 F.3d at 1237 (holding that a district court's decision to vary upward, from the 30-37 month guideline range to the 120-month statutory maximum, was reasonable). A court may consider all pertinent prior conduct within a defendant's criminal history, which is proven by a preponderance of the evidence, in determining a substantively reasonable sentence. See 18 U.S.C. § 3661; see also United States v. Culver, 598 F.3d 740, 752-53 (11th Cir.), cert. denied, 131 S.Ct. 336 (2010).

In this case, the district court did not violate Moody's due process rights, and his sentences were procedurally reasonable.[2] The trial court was entitled to consider

_____

[2]As an initial matter, Moody did not adequately preserve his argument of procedural unreasonableness based on a lack of due process. See Massey, 443 F.3d at 819 ("[T]o preserve an objection to [his] sentence for appeal, [a defendant] must 'raise that point in such clear and

5

Moody's unscored criminal convictions when determining his sentences.  See Shaw, 560 F.3d at 1231-35. Furthermore, due process did not require that the court provide Moody with notice of its intent to impose an upward variance based on these convictions.  See Irizarry, 553 U.S. at 714-16.  Indeed, Moody was especially on notice that he might not receive a sentence within the initially calculated guideline range, because the PSI explicitly noted U.S.S.G. § 4A1.3 as grounds for a possible departure.

Moody's sentences were also substantively reasonable.  The § 3553(a) factors support the district court's action in that his sentences reflect the seriousness of the offenses, will deter further criminal conduct, protect the public from Moody, and will promote respect for the law.  In addition, though the sentences imposed were outside the Guidelines, they were well below the statutory maximums.  See 18 U.S.C. § 1951(a); see also United States v. Pounds, 230 F.3d 1317, 1319 (11th Cir. 2000) (noting that the statutory maximum for a violation of 18 U.S.C. § 924(c)(1)(A) is life in prison).  Furthermore, the district court acted within its discretion by not imposing a lesser sentence based on Moody's age.

---

simple language that the trial court may not misunderstand it.'").  Accordingly, Moody's procedural unreasonableness arguments are reviewed for plain error.

Moreover, Moody mischaracterizes the proper effect of the time he served in prison on later-vacated convictions. He asserts he should be given credit for the "nearly a decade" he wrongly spent in prison. But the majority of this imprisonment was warranted, because it was required by the 60-month concurrent sentences that Moody received for his guilty pleas to three counts of being a felon in possession of a firearm. Accordingly, Moody has failed to show that the district court committed plain error or abused its discretion, and his sentences were both procedurally and substantively reasonable.

**AFFIRMED.**